FILED

NOV 2 7 2000

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DANIEL W. MAHON,                      )
                                      )
          Plaintiff,                  )  00CV1008E  (E)
                                      )
v.                                    )  CASE NO. _____
                                      )
AMERICAN AIRLINES, INC.,              )  HONORABLE JUDGE _____
a Delaware Corporation,               )
                                      )
          Defendant.                  )

COMPLAINT

     COMES NOW the Plaintiff, Daniel W. Mahon, by and through his

attorney of record, Robert E. Frazier III, of The Robert L. Rode

Law Firm, Tulsa, Oklahoma, and for this, his Complaint against

the Defendant, American Airlines, Inc., alleges and states as

follows:

I.

     This action seeks declaratory, injunctive and equitable

relief, compensatory and punitive damages, and costs and

attorney's fees for the acts inflicted upon Plaintiff by

Defendant, as described more fully hereinbelow, during his

employment with the Defendant.

II.

     This action arises under the First Amendment to the United

States Constitution, the Fifth Amendment to the United States

Constitution, the Fourteenth Amendment to the United States

Constitution, and the common law of the State of Oklahoma.

III.

     Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and

28 U.S.C. § 1332, and over the state law claims pursuant to the

doctrine of pendent jurisdiction.

IV.

This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 29 U.S.C. § 1391(b)(2), because the claims herein arose in this judicial district.

V.

The Plaintiff was, and at all times hereinafter mentioned was, domiciled in, and a Citizen of the State of Oklahoma, and is, and at all times hereinafter mentioned was, a Caucasian male over forty (40) years of age.

VI.

The Defendant was, and is now, a Delaware Corporation, with its principal place of business in Dallas, Texas, and was the former employer of Plaintiff, which corporation engages in an industry affecting commerce and interstate travel, and upon information and belief, employs more than twenty (20) regular employees.

VII.

The amount in controversy exceeds $75,000.00.

VIII.

Plaintiff was initially employed by Defendant corporation on March 17, 1986, and at all times relevant hereto, Plaintiff performed duties as an avionics mechanic, under an Agreement between American Airlines and Transport Workers Union Of America, AFL-CIO covering Aviation Maintenance Technician, Plant

Maintenance And Ground Service Employees of American Airlines, Inc., until his termination on May 10, 1999.

IX.

On May 10, 1999, Plaintiff was terminated from Defendant corporation for authoring a flier which was distributed at a diversity information fair among various Employee Resource Groups, and for wearing a particular T-Shirt to an Employee Resource Group meeting with management.

X.

The Defendant corporation asserted that Plaintiff's flier and T-Shirt were racially intimidating in the context in which they were worn, and in the context with which they were presented.

XI.

Defendant corporation has allowed other employees to wear the same T-Shirt without repercussion.

XII.

Plaintiff was a member representing the Caucasian Employee Resource Group when the flier at issue was authored and presented, and no other members or officers of the Caucasian Employee Resource Group were terminated for this incident.

XIII.

The Defendant corporation sanctioned the diversity fair and the Employee Resource Groups, specifically the Caucasian Employee Resource Group.

XIV.

The Defendant corporation, who also sanctions other Employee

Resource Groups such as the African American Employee Resource Group, has allowed members of other races, specifically the African American Race, to wear T-Shirts that are racially intimidating or threatening.

### XV.

The Defendant corporation did not terminate an African American for wearing a Malcolm X T-Shirt prior to Plaintiff's termination.

### XVI.

In its termination of the Plaintiff, the Defendant corporation did not adhere to its own policies and procedures under the PEAK Performance program.

### XVII.

Plaintiff's T-Shirt and flier were expressions of free speech which is protected by the Constitution.

### FIRST CAUSE OF ACTION

### BREACH OF EXPRESS AND IMPLIED CONTRACTUAL OBLIGATIONS

For this, his first count of his complaint, the Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

### XVIII.

By failing to adhere to written provisions governing employment relations, as provided in its own policies and procedures under the PEAK Performance program, the Agreement between American Airlines and Transport Workers Union Of America, AFL-CIO covering Aviation Maintenance Technician, Plant Maintenance And Ground Service Employees of American Airlines,

Inc., which Plaintiff read and relied upon to his detriment, Defendant corporation has breached its express and implied contractual obligations to this Plaintiff.

SECOND CAUSE OF ACTION

DENIAL OF DUE PROCESS OF LAW

For this, his second count of his complaint, the Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

XIX.

This Plaintiff has an individual entitlement grounded in both State and Federal Constitutional Law that his employment with Defendant corporation will be free of interference or violation of his State and Federally Protected Constitutional Rights by said Defendant. Said legitimate entitlement prohibits adverse employment decisions in violation of these protected Constitutional Rights from being taken against this Plaintiff.

XX.

Further, said expectation or entitlement that Plaintiff's continued employment would be free of interference or violation of his protected Constitutional Rights was mutual and legitimate, rather than an abstract need, desire, or unilateral expectation, and was predicated on unilateral verbal and written representations made to this Plaintiff by and through officers, officials and managers of Defendant corporation. Said representations were reasonably relied upon by this Plaintiff, and were clearly established and enforceable customs of Defendant corporation.

XXI.

That because Defendant corporation discharged this Plaintiff, without cause, in violation or contravention of the aforesaid, without due process of law, Defendant corporation has violated Plaintiff's rights as secured by and guaranteed under the Fifth and Fourteenth Amendment of the United States Constitution, 42 U.S.C. §§ 1981, 1983 and 1985.

### THIRD CAUSE OF ACTION

### DENIAL OF FREE SPEECH AND EXPRESSION

For this, his third count of his complaint, the Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

XXII.

Defendant corporation, by and through it's policies and practices, deprived Plaintiff of his Constitutional Rights under the First Amendment of the United States Constitution by terminating Plaintiff for his exercise of protected free speech and expression, and Plaintiff has suffered injury.

XXIII.

These actions deprived Plaintiff of his rights under color of state law pursuant to 42 U.S.C. § 1983.

### FOURTH CAUSE OF ACTION

### DENIAL OF EQUAL PROTECTION OF THE LAWS

For this, his fourth count of his complaint, the Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

XXIV.

Defendant corporation, by and through it's policies and practices, deprived Plaintiff of his Constitutional Rights under the Fifth and Fourteenth Amendments of the United States Constitution as it denied Plaintiff the Equal Protection of the Laws by treating Plaintiff unequal to others who were similarly situated, for which Plaintiff has suffered injury.

### FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

For this, his fifth count of his complaint, the Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

XXV.

Defendant corporation's conduct, as well as the conduct and retaliatory practices of Defendant corporation's officers and managers, was performed in a manner outrageous in the extreme so that any reasonable person would have known that emotional distress would result.  Said Defendant acted in an intentional and reckless manner and is guilty of inflicting severe emotional distress upon Plaintiff by extreme and outrageous conduct in complete disregard for the rights and feelings of Plaintiff, which, as a consequence, has caused Plaintiff severe emotional distress.

### SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

For this, his sixth count of his complaint, the Plaintiff incorporates herein by reference all of the allegations

heretofore made, and further alleges and states as follows:

XXVI.

Defendant corporation's conduct, as well as the conduct and retaliatory practices of Defendant corporation's officers and managers, was performed in a manner outrageous in the extreme so that any reasonable person would have known that emotional distress would result.  Said Defendant acted recklessly and is guilty of reckless disregard for the rights and feelings of Plaintiff, which, as a consequence, has caused Plaintiff emotional distress.

SEVENTH CAUSE OF ACTION

INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

For this, his seventh count of his complaint, the Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

XXVII.

This Plaintiff has an individual entitlement grounded in both State and Federal Constitutional Law that his employment with Defendant corporation will be free of interference or violation of his State and Federally Protected Constitutional Rights by said Defendant.  Said legitimate entitlement prohibits adverse employment decisions in violation of these protected Constitutional Rights from being taken against this Plaintiff.

XXVIII.

Further, said expectation or entitlement that Plaintiff's continued employment would be free of interference or violation of his protected Constitutional Rights was mutual and legitimate,

rather than an abstract need, desire, or unilateral expectation, and was predicated on unilateral verbal and written representations made to this Plaintiff by and through officers, officials and managers of Defendant corporation.  Said representations were reasonably relied upon by this Plaintiff, and were clearly established and enforceable customs of Defendant corporation.

### XXIX.

That because Defendant corporation discharged this Plaintiff, without cause, in violation or contravention of the aforesaid, without due process of law, Defendant corporation has violated Plaintiff's rights as secured by and guaranteed under the Fifth and Fourteenth Amendment of the United States Constitution, 42 U.S.C. §§ 1981, 1983 and 1985, and applicable state law.

WHEREFORE, Plaintiff prays for, and based on the above, is entitled to, a declaration that the conduct engaged in by Defendant corporation is in violation of Plaintiff's rights; an injunction against Defendant corporation from engaging in such conduct; restoration of Plaintiff to his rightful place as an avionics mechanic for American Airlines, Inc., or in lieu of reinstatement therein, an Order for front salary and benefits for the period remaining until normal retirement; an award to Plaintiff for equitable relief of back salary and fringe benefits; award Plaintiff compensatory damages, including emotional distress, mental anguish, humiliation, and physical pain and discomfort suffered due to his treatment, in an amount

in excess of $75,000.00; costs and expenses, including reasonable attorney's fees, as provided by law; for punitive damages, as provided by applicable law; and for any such other legal or equitable relief this Honorable Court deems just and proper.

By _____
Robert E. Frazier III, OBA #18620
324 South Main, Suite 600
Tulsa, Oklahoma 74103
Telephone: (918)599-8880
Facsimile: (918)599-8316

JURY TRIAL DEMANDED

ATTORNEY'S LIEN CLAIMED