IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**F I L E D**

MAY 2 5 2001

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| DANIEL W. MAHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 00-CV-1008-E(E) |
| | ) | |
| AMERICAN AIRLINES, INC., | ) | |
| a Delaware Corporation | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

Now before the Court is the Motion to Dismiss or Alternative Motion for Summary Judgment (Docket #3) of the Defendant, American Airlines, Inc., ("American"). This dispute revolves around the termination of Plaintiff's employment by American. Plaintiff's complaint alleges seven causes of action, namely: 1) Breach of express and implied contractual obligations; 2) Denial of due process of law; 3) Denial of free speech and expression; 4) Denial of equal protection; 5) Intentional infliction of emotional distress; 6) Negligent infliction of emotional distress; and 7) Intentional interference with contractual relations. American has moved to dismiss all claims pursuant to Fed. R. Civ. P Rule 12(b)(6).

**DISCUSSION**

**A. Facts**

The Plaintiff, Daniel W. Mahon, ("Mahon") worked for American from 1986 until

his employment was terminated on May 10, 1999. Mahon was a member of Transport Workers of America, AFL-CIO-CLC, Local 514 ("Union"). The Union and American are parties to a Collective Bargaining Agreement ("CBA") which deals with, among other things, discharge of Union employees. The CBA between American and the Union, and the arbitration procedure established to decide grievances over disputes arising out of or involving the terms and conditions of the CBA, are mandated by the Railway Labor Act, 45 U.S.C. §151 et seq., ("RLA").

On March 11, 1999, American held a diversity fair for various employee groups at the American maintenance and engineering facility in Tulsa, Oklahoma. At this particular fair, the Caucasian Employee Resource Group ("CERG"),[1] which was in the process of recruiting members, distributed a pamphlet contributed by Mahon which allegedly contained white-supremacist rhetoric.[2] Following this incident, American suspended CERG's privileges for six months for violation of ERG rules. During a subsequent meeting between the leaders of CERG and American management, Mahon wore a t-shirt depicting the cover of the "Turner

---

[1]This organization was approved by American. Apparently American encouraged the formation of Employee Resource Groups which were made up of employees with certain ethnic, racial, cultural and lifestyle differences.

[2]American asserts, and Mahon denies, that Mahon is a "white supremacist". This assertion is partially caused by the fact that Mahon's twin brother, Dennis Mahon, is a well-known white supremacist. The label placed on Mahon is irrelevant to the Court and this case. Mahon's actions, as perceived by American management and the arbitration board, were the basis for his termination.

Diaries".[3] There were several African-American employees present at this meeting. Mahon wore the same t-shirt in other work areas during the day of the meeting. American instituted an investigation of Mahon and, as a result of that investigation, terminated Mahon's employment. American asserted that Mahon violated written work rules which prohibit threatening and intimidating behavior towards other employees and conduct detrimental to other employees and American. As a result of the termination, Mahon filed a grievance under Article 30 of the CBA. The Tulsa Area Board of Adjustment (the "Board") held a hearing, which lasted three days, to determine whether American had just cause to terminate Mahon. At the hearing, Mahon was represented by the Union. Following the hearing, the Board found that the wearing of the T-shirt and authoring the flyer constituted misconduct for which discipline was appropriate and upheld Mahon's termination.

## B. Fed. R. Civ. P. 12(b)(6) Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint should be dismissed for failure to state a claim for which relief can be granted if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In analyzing a motion to dismiss, the Court must accept the allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Perkins v. Kansas Dept. of*

---

[3]The Opinion and Award of the arbitration committee of the Tulsa Board of Adjustment that heard Mahon's grievance found that the "'The Turner Diaries' describes the systematic killing of 'Jews', 'non-whites', and 'race traitors' in order to establish an 'Aryan' world. The book is infamous as having been found in the car of Timothy McVeigh at the time of his arrest for bombing the Murrah Federal Building in Oklahoma City. The cover of the book shows a drawing of two people pointing firearms as if in combat...."

*Corrections,* 165 F.3d 803, 806 (10th Cir. 1999).

### C.  Review of Mahon's Claims

**RLA Premption**

Originally enacted to cover railroads, the Railway Labor Act, 45 U.S.C. §151 *et seq.,*

("RLA") was extended to cover the airlines by 45 U.S.C. §§ 181 to 188.  The RLA provides

an arbitral forum for the resolution of "disputes between an employee ... and a carrier ...

growing out of grievances, or out of the interpretation or application of agreements

concerning rates of pay, rules, or working conditions." 45 U.S.C. §§ 153 First (i) & 184.

Such disputes have been characterized as "minor" disputes. *See Andrews v. Louisville & N.*

*R.R.,* 406 U.S. 320, 321-22, 92 S.Ct. 1562, 1563-64, 32 L.Ed.2d 95 (1972).  In such cases

of "minor" disputes, arbitration is the mandatory and exclusive remedy.[4] *Id* at 322.

Major disputes relate to disputes over the formation of collective agreements or efforts

to secure them. *Elgin, J. & E.R. Co. v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 1289-

1290, 89 L.Ed. 1886 (1945).  The classification of minor disputes "contemplates the

existence of a collective agreement concluded or, at any rate, a situation in which no effort

is made to bring about a formal change in terms or to create a new one.  The dispute relates

either to the meaning or proper application of a particular provision with reference to a

specific situation...". *Consolidated Rail Corporation v. Railway Labor Executives Assoc.,*

---

[4] Judicial review of the arbitration determination "has been characterized as 'among the narrowest known to the law,'" *McAlester v. United Airlines, Inc., infra,* at 1252.  Review is limited to questions of whether the board failed to comply with the CBA, whether the decision is beyond the board's jurisdiction, or fraud.  45 U.S.C. §153 First(q).

491 U.S. 299, 302, 109 S.Ct. 2477, 2480 (1989) citing *Burley*.

American argues that several of the claims asserted by Mahon fall under the category of minor disputes and should be dismissed as they are preempted by the RLA. Naturally, Mahon argues that his claims are all "major" and should be reviewed by this Court.

Federal courts "look beyond the allegations of the complaint...to determine whether the wrong complained of actually arises in some manner from a breach of the defendant's obligations under a collective bargaining agreement. *United Ass'n of Journeymen & Appretices of Plumbing & Pipe Fitting Indus. V. Bechtel Power Corp.*, 834 F.2d 884, 888 (10th Cir 1987) *cert denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). After reviewing Mahon's claims, it is clear that his claims for breach of contract, intentional infliction of emotional distress[5], negligent infliction of emotional distress[6] and intentional interference with contractual relations[7] all stem from an alleged breach by American of the CBA and the Court's review of these claims is preempted by the RLA. Therefore, the first,

---

[5]Mahon's fifth cause of action is also flawed in that loss of employment by itself is not sufficient to maintain a claim for intentional infliction of emotional distress under Oklahoma law. *Smith v. Farmers Co-op Ass'n of Butler*, 825 P.2d 1323 (Okla.1992), *Katzer v. Baldor Elec. Co.*, 969 F.2d 935 (10th Cir. 1992).

[6]Mahon's claim for negligent infliction of emotional distress must also be dismissed on the same grounds as that stated in Footnote No. 5 dealing with intentional infliction of emotional distress. *Kraszewski v. Baptist Medical,* 916 P.2d 241 (Okla.1996)

[7]In addition to preemption by the RLA, Mahon's claim for intentional interference with contractual relations must be dismissed because American cannot interfere with its own contract. Oklahoma law requires that one who is not a party to the contract must have been the party alleged to have interfered. *Ray v. American National Bank & Trust Co. of Sapulpa*, 894 P.2d 1056 (Okla. 1994).

fifth, sixth and seventh causes of action must be dismissed pursuant to Rule 12(b)(6).

**Mahon's Constitutional Claims**

Mahon has asserted three theories of recovery that have a basis in alleged constitutional violations by American. Mahon alleges that American's termination of his employment has 1) Denied him due process of law; 2) Violated his right to free speech; and 3) Denied him equal protection.

### Denial of Due Process

Mahon alleges that American's actions have denied him due process under the Fifth and Fourteenth Amendments to the U.S. Constitution and that American has violated 42 U.S.C. §§1981, 1983, and 1985. However, all of Mahon's claims of denial of due process are fatally flawed.

The Fifth and Fourteenth Amendments protect the public against denial of due process by governmental entities but not from acts of private persons or entities. The Fifth Amendment applies to actions of the federal government and the Fourteenth Amendment applies to like actions by state governments. *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed. 2d 418 (1982). Mahon has not alleged any action has been taken by a state or federal entity.

Mahon argues that American is analogous to a federal entity because it is so heavily regulated by the federal government. However, Mahon's argument is without merit. Mahon cites *Lebron v. National Railroad Passenger Corporation*, 513 U.S. 374, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995) in support of his argument that American was a "state actor", but this

6

case is easily distinguishable from Mahon's situation. In *Lebron,* the United States Supreme Court found that Amtrak was a "governmental entity" that was subject to Constitutional constraints. However, there are several very important differences between Amtrak and American. First, Amtrak was created by the federal government. Second, the Amtrak Board members are all appointed by the President of the United States. And, finally, all of the preferred stock of Amtrak was owned by the federal government. There are no factors regarding American that are even remotely close to those of the Amtrak case. Therefore, Mahon's claims under the Fifth and Fourteenth Amendments must be dismissed.

**Section 1981**

Mahon has also alleged that American denied him due process of law in that it violated 42 U.S.C. §1981 when it terminated his employment. Section 1981 prohibits racial discrimination in the making and the enforcing of private contracts, including private employment contracts. *Bobo v. ITT Continental Baking Co.* 662 F.2d 340 (5th Cir. 1981), *cert denied* 456 U.S. 933, 102 S.Ct. 1985, 72 L.Ed.2d 451 (1985). Although §1981 is written in terms of giving all citizens equal benefit of the laws "as is enjoyed by white citizens", it has been held that §1981 applies to discrimination against Caucasians as well as those who are not Caucasian. *McDonald v. Santa Fe Trail Transportation Co.* 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed. 2d 493 (1976).

American has argued that Mahon's claim under §1981 is preempted by the RLA or, in the alternative, that collateral estoppel prohibits Mahon from relitigating issues that were tried in the arbitration proceeding. American's arguments fail on both issues.

The 10th Circuit has specifically held that the RLA does not preempt claims based upon §1981. In *McAlester v. United Airlines, Inc.*, 851 F.2d 1249 (10th Circuit 1988), the court held that a claim based upon the federal statute does not arise out of the terms of the collective bargaining agreement, but rather from the duties imposed by §1981. Therefore, the claim is not preempted by the RLA. *Id* at 1255.

Likewise, American's collateral estoppel argument is also erroneous. Collateral estoppel does not apply in this particular situation because "arbitration could not provide an adequate substitute for judicial proceedings in adjudicating claims" under these statues. *Ryan v. City of Shawnee,* 13 F.3d 345, 347 (10th Cir. 1993) quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S. Ct. 1011, 39 L. Ed.2d 147 (1974). *See also McAlester v. United Airlines, Inc., supra.*

Since §1981 is a anti-discrimination statute, it is, by definition, a statute that mandates *equal protection* under the laws. In order to establish a claim of disparate treatment based on "reverse discrimination", the employee must show that the employer gave preferential treatment to a minority employee under "nearly identical" circumstances. *Ulrich v. Exxon Co., U.S.A.*, 824 F. Supp. 677 (S.D. Tex. 1993). However, Mahon alleges that American's actions have deprived him of *due process not equal protection.* Section 1981 was not intended to remedy a claim of denial of due process and Mahon's §1981 claim must also be dismissed.

**Section 1983**

Mahon's claim under 42 U.S.C.§1983 is fatally flawed for the same reason as his

8

claims under the Fifth and Fourteenth Amendments. Section 1983 requires that the person who is depriving another of constitutional rights *must be acting under color of state law.* *Miller v. Board of County Commissioners, Rogers County*, 46 F.Supp. 2d 1210 (N.D. Okla. 1999). As discussed above regarding Mahon's Fifth and Fourteenth Amendment claims, American is a private employer and the fact that the airline industry is regulated by the federal government does not transform American's actions into actions "under color of state law. Mahon's §1983 claim also must be dismissed.

**Section 1985**

Mahon has also alleged that American has violated 42 U.S.C. §1985. Although not specifically stated in Mahon's Complaint, Mahon must be relying on §1985(3) which is the only provision of §1985 that could remotely apply to this fact situation.[8] Section 1985(3) requires that a plaintiff plead and prove 1) a conspiracy; 2) to deprive the plaintiff of equal protection or equal privileges and immunities; 3) an act in furtherance of the conspiracy; and 4) an injury or deprivation resulting therefrom. Mahon's allegations of a §1985(3) violation are defective for several reasons.

First, Mahon states only conclusory allegations. Although the federal courts follow the rules of "notice pleading", allegations of conspiracy under §1985(3) must be more than mere conclusions. *Gallegos v. City and County of Denver*, 984 F.2d 358 (10th Cir. 1993) *cert denied* 113 S.Ct. 2962; *Kadlec v. Illinois Bell Tel Co.*, 407 F.2d 624 (7th Cir. 1969) *cert.*

---

[8]Mahon's Response Brief acknowledges that he is alleging a violation of §1985(3).

9

*denied* 396 U.S. 846, 90 S.Ct. 90; *Wesley v. Don Stein Buick, Inc.* 985 F. Supp. 1288, (D. Kan. 1997) *vacated in part,* 996 F. Supp. 1299.

Secondly, Mahon cannot allege a conspiracy under these facts. American is the only defendant in this case, and since it is a corporation, rather than an individual, it must act through its agents and employees. Mahon has argued in his brief that the conspiracy was among and between American and its employees. However, a corporation cannot conspire with itself (or its employees). *Johnson v. Hills and Dales General Hospital*, 40 F.3d 837 (6th Cir. 1994), *cert. denied,* 514 U.S. 1066, 115 S.Ct. 1698; *Dombrowski v. Dowling,* 459 F.2d 190 (7TH Cir. 1972); *Baker v. American Juice, Inc.,* 870 F. Supp. 878 (N.D. Ind. 1994); *Nieto v. United Auto Workers Local 598,* 672 F. Supp. 987 (E.D. Mich. 1987). Therefore, Mahon's claim under 42 U.S.C. §1985(3) must be dismissed.

**First Amendment Claim**

Finally, Mahon's claim that American violated his First Amendment right to freedom of speech and expression runs afoul of the same rule as the majority of his other claims of constitutional violations. In order to state a claim for violation of a person's First Amendment rights, the party alleged to have made the constitutional deprivation *must be a governmental entity. Bishop v. Federal Intermediate Credit Bank of Wichita,* 908 F.2d 658, 662 (10th Cir. 1990). As stated earlier, the fact that the airline industry is heavily regulated by the federal government does not convert American into a governmental entity. Mahon cannot allege facts that would show that American deprived him of his First Amendment rights *by state action,* and therefore, his First Amendment claim must also be dismissed.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the Defendant's

Motion to Dismiss is granted and Plaintiff's Complaint is hereby DISMISSED.

Dated this 25-*th* day of *May*, 2001.

JAMES O. ELLISON, SENIOR JUDGE
UNITED STATES DISTRICT COURT