IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DANIEL W. MAHON, )
 )
    Plaintiff, )
 )
v. ) Case No. 00-CV-1008-E
 )
AMERICAN AIRLINES, INC., )
a Delaware Corporation, )
 )
    Defendant. )

### PLAINTIFF DANIEL W. MAHON'S RESPONSE TO DEFENDANT AMERICAN AIRLINES' MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, Daniel W. Mahon, and files the foregoing Plaintiff Daniel W. Mahon's Response To Defendant American Airlines' Motion For Summary Judgment, as follows:

### SUMMARY JUDGMENT RESPONSE

Plaintiff, Daniel W. Mahon, hereinafter "Mahon", moves this Honorable Court for an Order denying Defendant American Airlines' Motion For Summary Judgment pursuant to Fed.R.Civ.P. 56, because the Plaintiff has presented a claim for relief to which a genuine issue of material fact exists. As this Court is aware, the Tenth (10th) Circuit United States Court Of Appeals reversed the Fed.R.Civ.P. 12(b)(6) dismissal of Plaintiff Mahon's equal protection component of his due process claim under 42 U.S.C. § 1981. It is from this sole remaining count that the Defendant, American Airlines, hereinafter "American", seeks Summary Judgment. American claims that this count should be dismissed as a matter of law, however, Mahon contends that there exist genuine

1

issues of material fact which prohibit this claim from being dismissed under Fed.R.Civ.P. 56.

## PLAINTIFF MAHON'S RESPONSES TO DEFENDANT AMERICAN AIRLINES UNDISPUTED STATEMENT OF MATERIAL FACTS

1. Undisputed.

2. Undisputed.

3. Undisputed, except that Mahon was not living in a trailer at that time, but rather, a residence in Tulsa County, Oklahoma.

4. Disputed. Mahon believes that American has mis-stated the evidence in that the opening question was "Generally speaking, do you believe that American Airlines discriminates against white people?", and the answer was "Generally, I'd say no, generally no." The follow-up question was "Okay. In this particular instance, do you believe you were discriminated against because of your race or your political beliefs?", and the follow-up answer was "Either or both. Probably both." See, Mahon Deposition, P. 82, lines 6-13; American's Appendix Tab "D".

5. Undisputed.

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Disputed. Mahon is uncertain when he became a member of the

2

CERG, however, American has again mis-stated the evidence in that Mahon's deposition at page 25, lines 16-23, attached as Tab "D" to Americans Appendix, reads as follows: Q. "Skipping any conclusions that are reached in this and focusing on the facts only, is it true that on April 20, 1999 you attended a meeting of what was then known as the Caucasian Employee Resource Group?" A. "Yes. I was notified by a crew member that a flier was on the bulletin board. At the time I received permission to go to the meeting, so I did go that meeting, a little late but --".

11. Undisputed.

12. Undisputed.

13. Undisputed.

14. Disputed. Mahon admits that he prepared the flier, however, Mahon did not volunteer to create the flier as espoused by American. In fact, Mahon testified that Linda Dill pressured him into creating the flier. Q. "I find this interesting because it was news to me. You testified that you were pressured into doing this?" A. "Right, she --" Q. "She being Linda Dill." A. "Yeah, Linda mainly. She called me on Tuesday and said I've got to have this stuff by Thursday, and I told her, I said that's going to be awful hard to do. I said, number one, no guidelines, number two, I'll have to take a vacation day to do it because I'm so busy. As I said, I ran an appliance repair business at the

time and I was hard pressed. I said I'll try to do it, and I went to the library early and got it done, but I packaged them up and put down please proofread because I had to give it to the people at the fair."

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Undisputed.

20. Undisputed.

21. Disputed. Again, American mis-states the evidence, because Mahon stated that only "If they read the book from cover to cover, they would be..." See, Mahon Deposition, P. 60, lines 4-5, and P. 244, lines 7-16, where Mahon was asked, "Do you believe Mr. Hosey (African-American) or any of the other members at that meeting even knew what the Turner Diaries were?", and Mahon responded, "Probably not because they had to put me out of service to investigate it first. There was no mention of the T-shirt, and they put me out of service to determine if that was a bad T-shirt. They had to search, probably heavily search the Internet or whatever to find the T-shirt."; American's Appendix Tab "D".

22. Undisputed.

23. Undisputed.

24. Undisputed.

4

25. Undisputed.
26. Undisputed.
27. Undisputed.
28. Undisputed.
29. Undisputed.
30. Disputed. Mahon believes that American has mis-stated the evidence yet again inasmuch as his dispute of material fact number four (4), above, indicates that the opening question was "Generally speaking, do you believe that American Airlines discriminates against white people?", and the answer was "Generally, I'd say no, generally no." The follow-up question was "Okay. In this particular instance, do you believe you were discriminated against because of your race or your political beliefs?", and the follow-up answer was "Either or both. Probably both." <u>See</u>, Mahon Deposition, P. 82, lines 6-13; American's Appendix Tab "D".

<u>PLAINTIFF MAHON'S STATEMENT OF UNDISPUTED MATERIAL FACTS</u>

31. Plaintiff, Daniel W. Mahon, did not believe the <u>Turner Diaries</u> T-shirt sent a message of racial hatred, but rather, Plaintiff Mahon believed that the T-shirt was supporting Second (2nd) Amendment gun control as constitutionally protected by the United States Constitution. <u>See</u>, Mahon Deposition, P. 232, lines 7-10, and page 233, lines 19-22; American's Appendix Tab "D".

32. Plaintiff, Daniel W. Mahon, was not trying to send any

5

message of racial hatred when he wore the <u>Turner Diaries</u> T-shirt to the April 20, 1999 CERG meeting, but rather, this was the only clean shirt Mr. Mahon had at the time. <u>See</u>, Mahon Deposition, P. 232, lines 11-17; American's Appendix Tab "D".

33. Plaintiff, Daniel W. Mahon, has been married only once to a wife that is from the Polynesian Islands in the Phillippines, and from this union Mahon produced a son who is biracial, whom Mahon sees regularly. <u>See</u>, Mahon Deposition, P. 235, lines 11-25, and P. 236, lines 1-5; American's Appendix Tab "D".

34. Mahon is not a white supremacist. <u>See</u>, Mahon Deposition, P. 236, line 14, and P. 238, lines 13-18; American's Appendix Tab "D".

35. Mahon acknowledges that all races contribute to society and that no race is superior to another. <u>See</u>, Mahon Deposition, P. 238, lines 13-18; American's Appendix Tab "D".

36. Tim Vinson, a Caucasian-American male employee at American Airlines, who had only worked for American for approximately five (5) years, as opposed to Mahon's almost fourteen (14) years, wore the <u>Turner Diaries</u> T-shirt for several days at American without being disciplined. <u>See</u>, Mahon Deposition, P. 238, lines 19-25, and P. 239, lines 1-25, and P. 240, lines 1-7, and P. 245, lines 1-13; American's Appendix Tab "D".

37. Plaintiff Daniel Mahon was fired by his superior, Greg Hall, a Caucasian, who was the Vice-President of Maintenance And Engineering at American Airlines, and who attended the CERG meeting on April 20, 1999. See, Mahon Deposition, P. 63, line 25, and P. 64, lines 1-13; American's Appendix Tab "D".

## STANDARD FOR SUMMARY JUDGMENT

The Defendant American has correctly stated the standard for summary judgment, and inasmuch as summary judgment should be denied "if a reasonable jury could return a verdict for the nonmoving party", Plaintiff Mahon has, and will, clearly demonstrate that a reasonable jury is quite likely to rule in Mahon's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242.

## ARGUMENT

Daniel Mahon was the only employee of American to be terminated in connection with authoring an alleged racist flier for the Caucasian Employee Resource Group (CERG) and for wearing a Turner Diaries T-shirt to a CERG meeting to discuss the flier on April 20, 1999. In this regard, Mahon was singled out for disparate treatment in that he was the only employee at American Airlines to be terminated for the same conduct that other employees clearly engaged in. Linda Dill, who was president of the CERG, and Craig Nichols, who was the vice-president of the CERG, as well as no other members of the CERG, were disciplined in connection with handing out the offending flier which Mahon produced. Mahon is the only employee at American that was

7

terminated in connection with this incident. This is clearly a prima facie showing of reverse discrimination against Mahon by American. In fact, this clearly shows that American is one of the rare employers that discriminate against the majority based on racial grounds.

Based on the Plaintiff's initial Complaint, along with the briefs that were submitted to the United States Court Of Appeals For The Tenth Circuit, it is clear that American allowed persons of other races to wear truly racially hostile messages, while these persons were not disciplined. In fact, Plaintiff acknowledges that he is the only person in the history of American Airlines to be fired for wearing a T-shirt. This includes an African-American who was not disciplined for wearing a Malcolm-X T-shirt, as well as ethnic persons at American who wore Black Panther T-shirts advocating black power. In their brief, American states that the Malcolm-X T-shirt is meaningless innuendo when compared to the deliberate steps taken by Mahon to threaten and intimidate other employees, yet American failed to show that Mahon even knew that other minorities would be offended by the shirt. Quite simply, Mahon wants what he has been denied from the beginning, due process and equal protection. Mr. Mahon wants his day in Court before a jury of his peers to determine that American's conduct amounted to racially disparate treatment. For these reasons, the Plaintiff believes that the <u>McDonnell-Douglass</u> framework has clearly been established, and this motion

should be denied.

WHEREFORE, Plaintiff, Daniel W. Mahon prays that the Defendant American Airlines' Motion For Summary Judgment be denied because Plaintiff has established a prima facie showing of reverse discrimination as required by the McDonnell-Douglass case.

Respectfully submitted:
FRAZIER LAW CENTER

Robert E. Frazier III, OBA # 18620
4150 S. 100th E. Ave., Suite 200-B
Tulsa, Oklahoma 74146
Telephone: (918)234-4357
Facsimile: (918)234-4358
ATTORNEY FOR DANIEL W. MAHON

CERTIFICATE OF MAILING

I, the undersigned, hereby certify that on this 27th day of January, 2004, that a true and correct copy of the foregoing instrument was mailed, via US Mail, to the following:

Mr. David R. Cordell, Esq.
Mr. Jason S. Taylor, Esq.
3700 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103-4344

Robert E. Frazier III, Esq.

9